IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| COUNTY OF BARRY, dba THORNAPPLE MANOR, | ) | Case No. 1:25-cv-01099 |
| *Plaintiff,* | ) | |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| *Defendant.* | ) | |

**DEFENDANT'S OPPOSED MOTION TO STAY CASE**

Defendant United States of America moves to stay this case until the Sixth Circuit reaches a decision in *JPM Restaurant, LLC v. United States*, No. 26-5281 ("*JPM*"). The decision by the Sixth Circuit in *JPM* likely will clarify the definitions and standards regarding who is eligible for the Employee Retention Credit sought by Plaintiff in this case. Plaintiff opposes a stay in this case.[1]

Congress passed the CARES Act to provide financial assistance to Americans suffering economic harm from the COVID-19 pandemic. *See* CARES Act, Pub. L. No. 116-136, 134 Stat. 281 (2020). The CARES Act created several forms of assistance, including individual Economic Impact Payments, *id.* § 2201, the Paycheck Protection Program, *id.* § 1102, and, relevant here, the Employee Retention Credit ("ERC"), *id.* § 2301. Each of the relief programs played a role in Congress's efforts to stabilize the economy. The ERC, for its part, encouraged employers to

[1] Pursuant to Local Rule 7.1(d), counsel for the United States, Kimberly Parke and Paige Brigham, met over video with counsel for Plaintiff, Rob Silverblatt, on September 4, 2026, and discussed the substance of this motion.

continue paying employees through the pandemic in the face of business-closing orders or significant declines to gross receipts. *See ERC Today LLC v. McInelly*, 782 F. Supp. 3d 721, 726 (D. Ariz. 2025), *affirmed*, No. 25-2642, 2026 WL 753306, at *1 (9th Cir. Mar. 17, 2026); *see also Gravenstein 116, LLC v. United States*, 180 Fed. Cl. 292, 294 (2026).

Some of the programs under the CARES Act provided relief to nearly everyone. For instance, the Economic Impact Payment ("EIP") for 2020 (26 U.S.C. § 6428 an "eligible individual" as "any individual other than (1) any nonresident alien individual, (2) any individual with respect to whom a deduction under section 151 is allowable to another taxpayer . . . and (3) an estate or trust." *See* 26 U.S.C. § 6428(d). In other words, under the EIP statute, every individual is "in," unless one of the three exceptions knocks them "out." *In re JSmith Civil, LLC*, 674 B.R. 207, 212 (Bankr. E.D.N.C. 2025), *appeal pending sub nom JSmith Civil, LLC v. United States*, Case No. 5:25-cv-513 (E.D.N.C.); *cf. Scholl v. Mnuchin*, 489 F. Supp. 3d 1008, 1034–35 (N.D. Cal. 2020) (examining whether the statutory text excluded incarcerated individuals). "Congress writes such 'presumption-in' statutes when it intends to provide widespread relief." *JSmith*, 674 B.R. at 212.

The ERC, in contrast, contains "more traditional and onerous eligibility criteria." *Id.* That is, everyone starts "outside of eligibility for the stated relief, and claimants must show why they fit within and satisfy applicable statutory definitions to get 'in' and qualify for the relief" (*i.e.*, a "presumption-out" statute). *JPM Rest., LLC,* No. 1:24-CV-357, 2026 WL 561147, at *1 (quoting *JSmith,* 674 B.R. at 213). And, because "[f]ederal statutes that grant tax deductions [and credits] are matters of legislative grace," they are "strictly construed in favor of the government." *Audio Technica U.S., Inc. v. United States*, 963 F.3d 569, 578 (6th Cir. 2020) (quoting *Crooks v. Comm'r*, 453 F.3d 653, 655 (6th Cir. 2006)) (internal quotation marks omitted).

ERCs are available to an "eligible employer." As relevant to Plaintiff's claims, an "eligible employer" is one "which was carrying on a trade or business during calendar year" 2020 or 2021, for whom, with respect to the quarter for which the credit is sought, "the operation of the trade or business [. . .] is **fully or partially suspended** during the calendar quarter due to **orders from an appropriate governmental authority**." CARES Act § 2301(c)(2)(A) (for 2020) (emphasis added); Taxpayer Certainty and Disaster Relief Act of 2020, Pub. L. No. 116-260, 134 STAT. 3038, 3061-65 (for 2021). The statute does not define order, partial suspension, or the causation requirement. The parties in this case disagree about all three of these parts of the ERC.

The district court in *JPM* defined all three of the terms disagreed upon by the parties in this case. Exhibit 1, PageID 1051-1053. JPM Restaurant appealed to the Sixth Circuit. Exhibit 2. Specifically, *inter alia*, JPM Restaurant appealed the district court's definition of partially suspended and causation determination:

> 1. Whether the district court erred by construing "fully or partially suspended" to require a shutdown, closure, or stoppage of operations, rather than a government-order-caused interruption or material restriction of normal restaurant operations.
>
> 2. Whether the district court erred by adding a heightened proximate-causation requirement to the statutory phrase "due to orders from an appropriate governmental authority," and by using that requirement to treat compliance-based business decisions as voluntary interruptions outside the statute.

Exhibit 3 at 8. The United States' brief is due to the Sixth Circuit on September 25, 2026. Exhibit 2.

This case is one of four ERC cases being litigated by the same counsel involved in this case. As soon as JPM appealed the district court's order to the Sixth Circuit, the United States approached Plaintiff's counsel to discuss the possibility of a stay. However, once Plaintiff's counsel filed its motion for summary judgment in *Marquette County Medical Care Facility v. United States*, 2:25-cv-135 (W.D. Mich.), it became clear to the United States that a stay in this case would best serve the Court and the parties. *See* Exhibit 4. In that brief, Plaintiff argued with the definitions found by the court in *JPM*. *Id.* at PageID 2998-3007. The United States filed a cross motion for summary judgment arguing that the district court in *JPM* got the definitions right. Exhibit 5 at PageID 1608-1622.

Because the legal issues in the Marquette case, *JPM*, and this case are the same, the United States moves the court to stay this case until the Sixth Circuit makes a decision in *JPM.*

FOR THE UNITED STATES OF AMERICA,
Defendant

*<u>/s/ Kimberly R. Parke</u>*
KIMBERLY R. PARKE
PAIGE M. BRIGHAM
Trial Attorneys, Tax Litigation Branch
U.S. Department of Justice
Post Office Box 55
Washington, D.C. 20044
(202) 353-0300 - KP
(202) 598-7808 PB
(202) 514-5238 (f)
Kimberly.Parke@usdoj.gov
Paige.Brigham@usdoj.gov